# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

MARSHALL W. GORDON,     )
                             )

    Plaintiff,           )

vs.                    )        7:17-cv-01105-LSC

UNITED STATES        )
OF AMERICA,          )

    Defendant.        )

## MEMORANDUM OF OPINION

Plaintiff Marshall W. Gordon ("Gordon") filed this action against the United States Federal Government (" the Government"), alleging violations of his civil rights and failure of federal and state officials to perform their legal duties. Before this Court is the Federal Government's motion to dismiss. (Doc. 8.) For the reasons stated below, the Government's motion to dismiss (doc. 8) is due to be granted.

## I.    BACKGROUND

Gordon has filed a number of *pro se* actions against various government entities and actors over the past few years. The first, he filed in Alabama state court, claiming that former Alabama governor Robert Bentley along with former

Alabama governor Bob Riley, various Alabama state court judges, and Tuscaloosa police officers, violated his civil rights and thus "must be reported" to FBI Director Mueller. *See* Case No. 63-CV-13-000257. The case was removed to this Court in December of 2015. (*See* Case No. 7:15-cv-02282-LSC.) Specifically, Gordon claimed that Bentley and his "partners" undertook a concerted effort to prevent Gordon from presenting evidence regarding former Alabama governor Don Siegelman, by arresting and prosecuting Gordon for various state law violations. After Director Mueller was dismissed, Governor Bentley's motion to dismiss was granted because Gordon's suit was barred by the Eleventh Amendment. (*See id.,* Doc. 25.)

Gordon filed another *pro se* action in February 2016 against former Alabama governor Don Siegelman under 42 U.S.C. § 1983 and the Federal Government under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* Case No. 7:16-cv-02070-RDP.) Gordon asserted the defendants had violated constitutional rights guaranteed to him by the Twenty-First Amendment. (*Id.*, Doc. 1.) Specifically, Gordon alleged defendants bought and sold illegal marijuana within the court system. He alleged police officers recruited "juvenile delinquents and adult community probationers who can keep a secret" to sell marijuana to "delinquents and probationers" for defendants' personal gain.

(*Id.* at 10-11.) Plaintiff's action was dismissed against Siegelman for failure to state a claim and his claim against the Government was dismissed on account of Gordon's failure to timely serve the United States as required by Federal Rule of Civil Procedure 4(i)(1). (*See id.*, Doc. 13.)

The initial filing[1] in the instant action was filed in June 2017. (Doc. 1.) In it, Gordon claims the Government and "its narcotic and drug agencies" cannot prohibit marijuana without first repealing the Twenty-First Amendment of the U.S. Constitution.[2] (Doc. 1 at 3.) Specifically, Gordon alleged that police officers, adults, and children are being killed because of the Federal Government's "sadistic voter prejudices" against the Constitution, Plaintiffs, and other citizens. *Id.* Gordon requests this Court make the Government "quit arguing" with him, and award "his family's property" in the amount of $86 million by placing "an attachment . . . on the State of Alabama City Tuscaloosa finances." *Id.* Gordon claims judgment should be granted in his favor because the Federal Government cares "only about money, power, false religion, ethics, and morals," and because of its "illegal personal interference or uncalled for unlawful intervention on

---

[1] Gordon entitled his initial pleading as "final settlement of claims and disputes of Case No: 7:16-cv-02070RDP." However, that case was summarily dismissed as to all claims on June 22, 2017. For purposes of this Opinion the Court will refer to the initiating pleadings as the "Complaint."

[2] Gordon also filed this action on behalf of the state of Alabama. However, Plaintiff cannot file suit *pro se* on behalf of the state of Alabama in this Court. *See Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (per curiam) (discussing limitations of pro se parties under 28 U.S.C. § 1654).

consenting adults concerning matters of prohibition . . . ." *Id.* While the case is styled as being brought against more than one defendant and Gordon includes in his initial filing a section entitled "names" which include the President and Chief Justice of the U.S., Alabama's U.S. Senators, U.S. District Judge Mark Fuller and other various federal and state officials, it is unclear from the pleadings precisely whom he is lodging his complaint against.

The Federal Government filed their 12(b)(6) Motion to dismiss on September 8, 2017. (Doc. 8.) The Court then ordered Plaintiff to show cause as to why the motion should not be granted. (Doc. 10.) On October 10, 2017, Gordon filed a motion for default judgment. (Doc. 13.) Because an incorrect address was on file for Plaintiff, the Court mooted his motion for default judgment and afforded Plaintiff ample time in which to show cause. (Doc. 17.) On November 29th, 2017, Gordon filed a notice with the Court. (Doc. 21.) This notice fails to show cause and simply restates Gordon's belief that this Court should enter judgment in his favor against the Government in the amount of 86 million dollars.

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard, the complaint must state

enough facts to raise the right to relief "above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings based upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations will not suffice. *Id.* at 555, 557. A party need not specifically plead each element in his or her cause of action, but the pleading must contain "enough information regarding the material elements of a cause of action to support recovery under some viable legal theory." *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami, Fla.*, 637 F.3d 1178, 1186 (11th Cir. 2011). Ultimately, the Court must be able to draw a reasonable inference from the facts that the other party is liable. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215 (11th Cir. 2012). The Court must construe pleadings broadly and resolve inferences in the nonmoving party's favor. *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006).

The Court must liberally construe Gordon's complaint because he submitted his complaint *pro se. See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, while a *pro se* plaintiff will be given greater leniency, "[t]his leniency . . . does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010).

To survive a motion to dismiss, the plaintiff's complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To be plausible, the claim for relief must contain "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Id.* at 556. If this Court decides that the facts pleaded by plaintiff do not state a plausible claim, the complaint is due to be dismissed. *Id.* at 570. To have facial plausibility, the plaintiff's complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A district court has the authority to dismiss a claim where "the factual allegations are . . . far-fetched or baseless." *Cofield v. Ala. Public Service Commission*, 936 F.2d 512, 515 (11th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). However "[d]istrict court[s] may dismiss a case for frivolity only when the legal claim is indisputably meritless, the facts are far-fetched or baseless, or both." *Cofield*, 936 F.2d at 515 (affirming district court's dismissal of actions which "allege[d] the fantastic"); *see also Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit.") (citations and internal quotations omitted).

## III. DISCUSSION

Gordon has failed to allege specific harm directly related to or incurred because of alleged violations of constitutional rights. Courts are not bound to accept legal conclusions "couched as factual allegations," and Gordon's complaint fails to state adequate factual allegations to raise his right to relief "above a speculative level." *Twombly*, 550 U.S. at 555.

Gordon's four page complaint is conclusory, vague, and accompanied by numerous attachments which fail to establish factual allegations required to avoid a motion to dismiss. While the complaint is not completely clear, liberally construing Gordon's allegations, it appears he is attempting to assert a violation of rights he believes are granted by the Twenty-First Amendment to the U.S. Constitution. The Twenty-First Amendment states, "The eighteenth article of amendment to the Constitution of the United States is hereby repealed." U.S. Const. amend. XXI. The Eighteenth Amendment prohibited "the manufacture, sale, or transportation of intoxicating liquors" and is thus wholly unrelated to the possession, sale, or use of marijuana. U.S. Const. amend. XVIII. To the extent Gordon alleges violation of any Twenty-First Amendment rights, he fails to state a claim.

Further, Gordon fails to adequately allege any civil rights that have been violated by Defendant. Gordon alleges the U.S. Government "is arguing senselessly just to waste [his] and the honorable courts valuable time" as well as to prevent him from "retrieving his family's property." (Doc. 1 at 3.) Beyond these vague statements, Gordon's complaint objects to general government action regarding the prohibition of marijuana; he alleges the Federal Government must repeal the Twenty-First Amendment if it wants to "enforce marijuana prohibition" because the "plaintiffs are not drug babysitters for legal age consenting adults." *Id.* This amendment, however, and the amendment it repealed, concern neither marijuana nor any other illicit substance aside from alcoholic beverages. Attached to the complaint are seventy one pages which include various articles, previous courts proceedings, including a petition for certiorari to the United States Supreme Court and the Supreme Court of Alabama—both of which were denied. (Doc. 1 at 6 & 14.) None of these attachments support or provide a basis for any claim asserted in Gordon's complaint.

Gordon's complaint concludes with an allegation that the Government's "heart[] [is] not with the children police officers and citizens of the United States." (Doc. 1 at 3.) Upon a thorough and liberal examination, Gordon's complaint simply "allege[s] the fantastic" and as such, is due to be dismissed on

account of its "frivolous" and "attenuated" nature. *Cofield*, 936 F.2d at 515; *Hagans*, 415 U.S. at 536. Additionally, Gordon has no basis for a claim under the laws or statutes of the United States and the facts upon which he relies are not actionable under any claim for relief. As such, the Government's motion to dismiss is due to be granted.

## IV.    CONCLUSION

For the reasons stated above, the Government's motion to dismiss (Doc. 9) is due to be GRANTED and this case DISMISSED with PREJUDICE. A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on December 4, 2017.

L. Scott Coogler
United States District Judge

190685